The People of Puerto Rico, Plaintiff and Appellee, v. Domingo Rodríguez Mojica, Defendant and Appellant.

No. 5842. Argued January 15, 1936.—Decided January 24, 1936.

*Pablo Andino* for appellant. *R. A. Gómez, Prosecuting Attorney,* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the court.

Domingo Rodríguez Mojica was charged with aggravated assault and battery and found guilty by the Municipal Court of Río Piedras. On a trial *de novo* the District Court of San Juan also found said defendant guilty and sentenced him to two months' imprisonment in jail. Thereupon the defendant took an appeal from that judgment, and he has assigned four errors which we will presently discuss.

In the first assignment it is urged that there was no verified complaint sufficient to vest the Municipal Court of Río

Piedras, originally, or the District Court of San Juan, on appeal, with jurisdiction to hear the case. This contention of the appellant is based on the fact that the oath to the complaint was taken before the deputy clerk of the Municipal Court of Río Piedras. According to the defense, in order to receive and administer oaths a special and specific power is required which the deputy clerks of municipal courts lack. It is argued that there is no verification and that, therefore, the complaint is void, because the law requires a complaint under oath and not merely an unverified complaint, to vest a municipal court with jurisdiction of a criminal prosecution instituted therein.

This court decided in the case of *The People* v. *Colón,* 17 P.R.R. 973, that deputy clerks of district courts appointed by their superiors are authorized by law to administer oaths. The same principle should be applied to municipal deputy clerks, who have the same power as clerks to administer oaths. 11 C. J. 913.

Moreover, in the case of *The People* v. *García,* 18 P.R.R. 554, it was alleged that the complaint was not sworn according to law, as it appeared therefrom that the oath had been taken before the deputy clerk of the Municipal Court of San Juan, who had no power to take oaths. This court held as follows:

" . . . we have carefully examined the transcript of the case and we find nothing therein to show the making of any objection in the court below on the ground of the defective oath of the complaint, and now it is too late to raise this question for the first time before the Supreme Court, because, even assuming that such defect exists, it would not be fundamental, since the complaint was supported by the sworn testimony introduced at the trial."

The same thing happens in the instant case. It does not appear from the record that the defendant challenged the oath administered by the deputy clerk of the Municipal Court of Río Piedras. The error assigned must be overruled.

The second error assigned is that the judgment is against the weight of the evidence, and in any event contrary to the presumption of innocence sustained by the whole evidence of the prosecution and of the defense, and independently by that of the prosecution.

We have examined the evidence introduced and we are not in a position to hold that the lower court committed the error thus assigned. The witness Eleuterio Pantoja Meléndez testified that on the night of January 12, after he left a motion-picture theatre, he went with some other friends to the home of Juan Piris, who opened the door in his night clothes and excused himself while he changed his clothes; that the other friends accompanying the witness who appeared to know Piris quite well, went to the pantry in search of some food, and that while going towards the ice-box they overturned a table with a kerosene lamp on top, which created a disturbance; that the witness decided to leave since it was the first time he called there; that when he was outside Francisco Ruiz suggested that they should leave, to which the witness answered that the proper thing was to wait for the others and leave together; that the defendant suddenly appeared during this discussion, and said to the other person: "Look, the trouble with this man is that he is a scoundrel," and struck at him with his fist; that when he tried to ward off the blow, the defendant shot at him with a gun and that he can not definitely say whether it was a revolver or a pistol, and that in consequence of that shot he was wounded on the right side of his neck. All the witnesses for the prosecution and for the defense agreed that a shot was fired. Saturnino Verdejo and Américo Villarini, witnesses for the defendant, testified that the defendant was with them in a house near the place of the occurrence, and that when the shot was heard, the three of them came out on the balcony but that they did not go into the street. The testimony of those witnesses, which tends to establish an *alibi,* is in conflict with the testimony

of the wounded person, Eleuterio Pantoja. The lower court adjusted the conflict and convicted the defendant.

The judgment of the lower court must therefore be affirmed.